## In Re Dissolution of Lappawinzoe Tribe

*William F. Moran,* for exceptant.

*Floyd Heller,* contra.

FRANCIOSA, J., January 2, 1973,—This case concerns dissolution proceedings instituted by Lappawinzoe Tribe No. 154, Improved Order of Red Man (hereinafter referred to as the Tribe), a nonprofit corporation. On April 24, 1972, this court in an opinion and order filed by Franciosa, J., approved the Tribe's petition of dissolution and dismissed objections by the intervenor, the Great Council of Pennsylvania, Improved Order of Red Men (hereinafter referred to as the Great Council). The hearing judge's adjudication will lead to the distribution of the tribe's assets to its members. Since the purpose of the objections was to prevent such a distribution of the Tribe's assets, the Great Council has entered exceptions to the hearing judge's adjudication of the matter. These exceptions were argued before the court en banc and are now ready for disposition.

In dismissing the objections, the hearing judge did not reach the merits of the Great Council's claim to the

Tribe's assets. Relying on Gabster v. Mesaros, 422 Pa. 116, 220 A. 2d 639 (1966), the hearing judge concluded that the Great Council's delay in asserting its claim involves such a grossly unreasonable time that the fact of laches appears on the face of the record. In Gabster, our Supreme Court held that where the delay in asserting a claim involves a grossly unreasonable time, the necessity for specifics regarding prejudice or injury becomes less crucial.

The Great Council argues that the hearing judge was incorrect in applying Gabster to the circumstances before us. According to the Great Council, the element of prejudice to the members of the tribe is totally missing from the case at bar. As support for its position, the Great Council asks us to consider cases where the defense of laches was based solely upon a party's inaction in asserting a claim.

However, the case at hand is not one of mere acquiescence in the passage of time. Here, the 44 years of delay were marked by two disputes which were activated by the Great Council. On each occasion the Great Council slept on its rights. The first dispute took place in 1928. In that year, the Great Council moved to sever the status of the Tribe as a constituent part of the State organization. Although the Great Council could have asserted a claim for the Tribe's assets, it did not do so. Instead, the Great Council permitted the expulsion proceedings to terminate in such a way as to indicate that the tribe was free to continue as an independent entity so long as it claimed no affiliation to the State organization. As a result of the Great Council's actions, the tribe continued its existence in justifiable reliance that it had emerged from the expulsion proceedings without forfeiting its rights and property to the State organization. It is self-evident that to now

permit the Great Council to assert a claim based on an expulsion occurring 44 years ago would result in material prejudice to the present members of the tribe. In defending their rights, the 1972 members of the tribe would have to produce testimony about an event which has become obscure. In addition, important witnesses to this distant occurrence are no longer available. Therefore, ascertainment of the true facts surrounding the 1928 controversy and the terms on which it ended is rendered more difficult, if not impossible.

Further, the Great Council's failure to pursue its claim in 1928 was repeated ten years later. In 1938, the Great Council filed a bill in equity in this court. That action requested the court to order the tribe to surrender all its records and moneys to the State organization. The 1938 equity action was promptly challenged by the tribe on the ground that it was then barred by laches. From that point until the year 1972, the Great Council allowed the equity action to lie dormant without taking a single step to have the issue of ownership of the tribe's assets decided on its merits. Moreover, the Great Council has offered no explanation for its abandonment of the 1938 equity action. Thus, we see no reason why the Great Council should be permitted to resurrect the very same claim which was the subject of litigation it started, but failed to pursue over a period of time in excess of 30 years.

It is our studied conclusion that the Great Council plotted its own course in its disputes with the tribe. By not following through during controversies it precipitated, the Great Council made it reasonable for members of the tribe to assume that litigation over the tribe's assets had expired. In view of this, it would be unreasonable and prejudicial to require the tribe to re-

assemble a defense it was prepared to advance 34 years ago. For the above reasons, the Great Council's exceptions are dismissed and we enter the following

ORDER OF THE COURT EN BANC

And now, this January 2, 1973, the exceptions filed by the intervenor, the Great Council of Pennsylvania, Improved Order of Red Men, are denied and dismissed.